FILED

FEB 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J. B. SCOTT, | No. 09-35222 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00138-BLW |
| v. | |
| UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF AGRICULTURE; UNITED STATES FOREST SERVICE, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted February 4, 2010
Seattle, Washington

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and LASNIK,[**] Chief District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Robert S. Lasnik, Chief United States District Judge for the Western District of Washington, sitting by designation.

-1-

J.B. Scott (Scott) appeals the District Court's entry of summary judgment in favor of the Forest Service, which had previously denied Scott's request for a permit to land his helicopter on Forest Service lands.

The Forest Service's denial of Scott's request "may only be set aside under the [Administrative Procedure Act] if it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Siskiyou Reg'l Educ. Project v. U.S. Forest Service*, 565 F.3d 545, 554 (9th Cir. 2009) (citations and internal quotation marks omitted). Because the Forest Service's 2003 closure order required that Scott obtain a permit to land a helicopter in the forest, and because the reasoning of the Forest Service can be discerned from its decision, its denial of Scott's request was not arbitrary, capricious, or contrary to law. *See McFarland v. Kempthorne*, 545 F.3d 1106, 1113 (9th Cir. 2008).

Scott failed to exhaust his administrative remedies with respect to any NEPA challenge to the 2003 closure order. *See Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 967 (9th Cir. 2006). Because we resolve this case pursuant to the 2003 closure order, we need not, and do not, address whether Scott's proposed use of his helicopter constituted a non-commercial recreational activity.

**AFFIRMED.**